UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINIADAEWOO ELECTRONICS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPTA CORPORATION, TCL CORPORATION, T.C.L. INDUSTRIES HOLDINGS (H.K.) LIMITED, and TCL MULTIMEDIA TECHNOLOGY HOLDING LIMITED, <br><br> Defendants. | Case No. 1:18-mc-00307 <br><br> N.D. Cal. Case No. 13-cv-01247 VC (MEJ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO QUASH
DEFENDANT'S SUBPOENAS TO PLAINTIFF'S TRIAL COUNSEL
AND/OR TO
TRANSFER THE MOTION TO QUASH**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | BACKGROUND ...................................................................................................... | 2 |
| | A.  The Underlying Case ................................................................................... | 2 |
| | B.  The Role of Plaintiff's Litigation Counsel.................................................. | 3 |
| | C.  Defendant's "Laches" and "Unclean Hands" Defenses............................ | 3 |
| III. | ARGUMENT............................................................................................................ | 4 |
| | A.  Standards..................................................................................................... | 4 |
| |     1. Motions to Transfer Motions to Quash to the Forum Court ............... | 4 |
| |     2. Motions to Quash Subpoenas on Opposing Counsel.......................... | 4 |
| | B.  There is no Need for Defendant's Subpoenas to Plaintiff's Trial Counsel............. | 6 |
| | C.  Plaintiff's Trial Counsel Played No Role in Connection with the Information about which Defendant Seeks Discovery ............................................................. | 8 |
| | D.  The Subpoenas Present the Risk of Encountering Privilege and Work-Product Issues ................................................................................................ | 11 |
| | E.  The Subpoenas Are Duplicative of Discovery Already Conducted ..................... | 12 |
| IV. | CONCLUSION........................................................................................................ | 13 |

## TABLE OF AUTHORITIES

**Cases**

*Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 342 (S.D.N.Y. 2002) ................ 5

*Bey v. City of New York*, No. 99 Civ. 3873, 2007 U.S. Dist. LEXIS 47319, 2007 WL 1893723, at *5 (S.D.N.Y. June 28, 2007) ........................................................................ 7

*Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) ........ 5

*Cnty. of Niagara v. Neth. Ins. Co.*, 2017 U.S. Dist. LEXIS 73672, *23, 2017 WL 2059808 .............................................................................................................................. 9

*Daewoo Elecs. Am., Inc. v. Opta Corp.*, 875 F.3d 1241, 1245-1246, 2017 U.S. App. LEXIS 23909, *3-7, 2017 WL 5662383 (N.D. Cal. 2017) .................................................... 2

*Daewoo Elecs. Am., Inc. v. Opta Corp.*, 875 F.3d 1241, 1249, 2017 U.S. App. LEXIS 23909, *14-15, 2017 WL 5662383 (9th Cir. 2017); *cert. denied*, 2018 U.S. LEXIS 3703, *1 (June 18, 2018) .................................................................................................. 6

*EEOC v. UPS*, 2018 U.S. Dist. LEXIS 37646, *9-10 (E.D.N.Y. 2018) ................................. 6

*Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 29799, *3-4 ..................... 5

*Hickman v. Taylor*, 329 U.S. 495, 516, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ....................... 11

*In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003) .................... 5

*Laurin v. Pokoik*, 2004 U.S. Dist. LEXIS 15330, *3-4 (S.D.N.Y. 2004) ............................. 11

*Lee v. Kucker & Bruh, LLP*, No. 12 Civ. 4662, 2013 U.S. Dist. LEXIS 25712, 2013 WL 680929, at *1 (S.D.N.Y. Feb. 25, 2013) ......................................................................... 5

*Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001) ................................................ 5

*ResQNet.com. Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 U.S. Dist. LEXIS 13579, 2004 WL 1627170, at *2 (S.D.N.Y. July 21, 2004) ............................................................. 5

*S.E.C. v. Jasper*, No. C07-06122 JW (HRL), 2009 U.S. Dist. LEXIS 46678, 2009 WL 1457755, at *3 (N.D. Cal. May 26, 2009) ................................................................... 5

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ...................................... 5

*United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975) .......... 11

*Yash Raj Films (USA) v. Kumar*, No. 05-cv-3811, 2007 WL 3124557, at *4 (E.D.N.Y. Oct. 25, 2007) ........................................................................................................ 5

**Rules**

Fed. R. Civ. P. 26(c)(1) ............................................................................................................ 4

Fed. R. Civ. P. 30(b)(6) .......................................................................................................... 12

Fed. R. Civ. P. 45(d)(3)(A) .................................................................................................. 4

Fed. R. Civ. P. 45(f) ............................................................................................................ 4

I.     **INTRODUCTION**

This case, which is pending in the Northern District of California, involves Plaintiff's claims for alter ego and successor liability against Defendants. Defendants' liability arises from an $8,385,168.84 default judgment that Plaintiff obtained against non-party GoVideo, a wholly-owned subsidiary of Defendants.

With this motion, Plaintiff moves to quash two subpoenas that Defendant Opta has served in the Southern District of New York on Plaintiff's litigation counsel, Mr. Tai Cho, Esq. One of Defendant's subpoenas seeks unidentified deposition testimony from Mr. Cho. (Ex. 1[1]). The other seeks documents related to 35 broad categories of information. (Ex. 2).

Mr. Cho, a New York lawyer and member of the bar of this Court, serves as Plaintiff's co-lead trial counsel in this case. Mr. Cho was admitted *pro hac vice* in the Northern District of California and has been Plaintiff's litigation counsel throughout this case, including through a recently concluded Ninth Circuit appeal. This case has been pending since 2013 and is scheduled for trial on January 28, 2019, with a discovery cut-off of July 20, 2018.

Defendant's last minute subpoenas to one of Plaintiff's two attorneys in this case are an unwarranted intrusion on counsel's preparation for trial. Plaintiff's trial counsel has produced all of the information in his possession that is responsive to Defendant's discovery requests to Plaintiff, and Defendant's subpoenas are duplicative of that discovery. Moreover, none of the information sought by Plaintiff's subpoenas is related to the conduct or knowledge of Plaintiff's trial counsel. Instead, Defendant's subpoenas are focused on the conduct and activities of Plaintiff, Defendants, and Defendants' subsidiary, GoVideo. As such, Defendant's subpoenas should be quashed.

---

[1] All references to "Ex. __" are to the exhibits to the Clark declaration filed herewith.

Counsel met and conferred in-person on June 25, 2018 but were unable to resolve this dispute. Plaintiff and Mr. Cho consent to the transfer of this motion to the Northern District of California.

## II. BACKGROUND

### A. The Underlying Case

Underlying this case is a 2007 default judgment entered against Defendants' wholly-owned subsidiary, GoVideo (a non-party), awarding Plaintiff $8,385,168.84. *Daewoo Elecs. Am., Inc. v. Opta Corp.*, 875 F.3d 1241, 1245-1246, 2017 U.S. App. LEXIS 23909, *3-7, 2017 WL 5662383 (N.D. Cal. 2017) (summarizing factual background).

In an attempt to enforce the default judgment, Plaintiff filed suit in May 2008 against Defendant Opta and a related entity (a non-party) in the United States District Court for the District of New Jersey (the "Guaranty Action"). *Id.* In the New Jersey litigation, Plaintiff sought to collect on the default judgment by enforcing a guaranty agreement that Defendant Opta had made with Plaintiff to guaranty the debts of GoVideo. *Id.* In August 2010, the New Jersey court dismissed Plaintiff's claims on the grounds that the default judgment against GoVideo arose from a debt incurred after the guaranty expired. *Id.*

In March 2013, Daewoo brought the present suit in the United States District Court for the Northern District of California against Defendants Opta and TCLMM.[2] *Id.* Plaintiff is asserting California state law claims for (1) alter ego liability and (2) successor liability. *Id.* Certain rulings in this case were appealed to the Ninth Circuit and, upon conclusion of those proceedings, this case was reopened. *Id.* The Court in the Northern District of California has set

---

[2] There were other Defendants that have been dismissed.

2

a fact discovery cut-off date of July 20, 2018 and a trial date of January 28, 2019.  (Ex. 3; Doc. 96).

      **B.**      **The Role of Plaintiff's Litigation Counsel**

Together with the undersigned, Mr. Tai Cho is one of Plaintiff's two litigation lawyers in this case.  Mr. Cho is admitted in New York and has offices in the Southern District of New York, where the subpoenas were served.  (Ex. 4; Doc. 28).  Mr. Cho was admitted *pro hac vice* in the Northern District of California as Plaintiff's litigation counsel in this case on July 1, 2013. *Id*.

As litigation counsel, Mr. Cho has been involved in all aspects of Plaintiff's participation in this case.  (Clark Dec. ¶ 5).  This includes investigating the claims and defenses in the case, drafting the complaint and other pleadings, preparing and responding to discovery requests; reviewing documents, and discussing Plaintiff's litigation strategy.  (Clark Dec. ¶ 6).  Mr. Cho also was involved in developing the strategy for Plaintiff's appeal to the Ninth Circuit as well as preparing the briefs and oral argument in that proceeding.  (Clark Dec. ¶ 7).  Mr. Cho is currently involved in preparing Plaintiff's Fed. R. Civ. P. 30(b)(6) witness for a deposition on July 18 and preparing for Plaintiff's depositions of Defendant's witnesses on July 11-13, 2018.  (Clark Dec. ¶8).

Mr. Cho also served as litigation counsel for Daewoo in the 2008 Guaranty Action. (Clark Dec. ¶9).

      **C.**      **Defendant's "Laches" and "Unclean Hands" Defenses**

Plaintiff understands that Defendant believes information from Plaintiff's litigation counsel is related to two of its affirmative defenses: "laches" and "unclean hands."  Defendant's answer, however, contains only two sentences setting forth its "laches" and "unclean hands" defenses:

3

> *112.    The relief sought is barred due to the doctrine of laches.*
>
> *113.    The relief sought is barred due to unclean hands.*

(Ex. 5; Doc. 79 at 11 (Opta's Amended Answer) (italics added)).

Moreover, in its initial disclosures, Defendant failed to identify Plaintiff's litigation counsel as an individual that is "likely to have discoverable information that Opta may use to support its claims or defenses" in this case. (Ex. 6 at 2-3 (Opta's Initial Disclosures). And Opta did not identify Plaintiff's trial counsel in any of its discovery responses as having anything to with any of Opta's defenses or any of Plaintiff's claims.

### III.    ARGUMENT

#### A.    Standards

##### 1.    Motions to Transfer Motions to Quash to the Forum Court

Rule 45(f) and the Advisory Committee's Notes accompanying the 2013 amendments introducing the 2013 rule "encourage" courts to transfer subpoena enforcement proceedings to the forum court. *F.D.I.C. v. Axis Reinsurance Co.*, No. 13 MISC. 380 (KPF), 2014 WL 260586, at *3 (S.D.N.Y. Jan. 23, 2014) ("the new Rule 45(f), and the comments thereto, clearly permit and encourage [transfer]. *See* Fed. R. Civ. P. 45(f); Committee Note to Amended Rule 45."). Consent of the proposed witness or "exceptional circumstances" are required. Fed. R. Civ. P. 45(f). Here, Plaintiff and Mr. Cho consent to the transfer.

##### 2.    Motions to Quash Subpoenas on Opposing Counsel

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Rule 26(c)(1) additionally provides that "[t]he court may, for good cause, issue an

order to protect a … person from annoyance, embarrassment, oppression, or undue burden or expense ….." Fed. R. Civ. P. 26(c)(1).

Although depositions of opposing counsel are not forbidden, they are disfavored. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003); *Lee v. Kucker & Bruh, LLP*, No. 12 Civ. 4662, 2013 U.S. Dist. LEXIS 25712, 2013 WL 680929, at *1 (S.D.N.Y. Feb. 25, 2013); *ResQNet.com. Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 U.S. Dist. LEXIS 13579, 2004 WL 1627170, at *2 (S.D.N.Y. July 21, 2004); *Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001). "The rationale behind the presumption against such discovery is that 'even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation.'" *Yash Raj Films (USA) v. Kumar*, No. 05-cv-3811, 2007 WL 3124557, at *4 (E.D.N.Y. Oct. 25, 2007) (quoting *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 342 (S.D.N.Y. 2002)). Thus, courts seek to avoid "the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel." *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000), *see also Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 29799, *3-4.

The Second Circuit has directed district courts to "consider all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Friedman*, 350 F.3d at 72. "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id*.

Courts in the Northern District of California apply the standard set forth in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). *S.E.C. v. Jasper*, No. C07-06122 JW (HRL), 2009 U.S. Dist. LEXIS 46678, 2009 WL 1457755, at *3 (N.D. Cal. May 26, 2009) ("this court notes that *Shelton* generally is recognized as the leading case on attorney depositions by a number of district courts within this circuit, including several within this district"). The standard in *Shelton* differs from the Second Circuit's approach in that "attorney depositions even for fact discovery generally are allowed only when the discovery cannot be obtained from another place." *Graff*, 2008 U.S. Dist. LEXIS 105836, 2008 WL 2854517, at *1 (*citing Shelton*, 805 F.2d at 1327) (8th Cir. 1986).

The subpoenas in this case should be quashed under either the Second Circuit approach or *Shelton*.

### B. There is no Need for Defendant's Subpoenas to Plaintiff's Trial Counsel

In it unclear what deposition testimony Defendant seeks with its subpoena to Plaintiff's trial counsel but, in any event, the proper scope of discovery for both of Defendant's subpoenas is "limited by the allegations in the pleadings and considerations of relevance and proportionality." *EEOC v. UPS*, 2018 U.S. Dist. LEXIS 37646, *9-10 (E.D.N.Y. 2018); Fed. R. Civ. P. 26(b)(1).

Plaintiff's complaint in this case contains two operative causes of action: alter ego and successor liability. *Daewoo Elecs. Am., Inc. v. Opta Corp.*, 875 F.3d 1241, 1249, 2017 U.S. App. LEXIS 23909, *14-15, 2017 WL 5662383 (9th Cir. 2017); *cert. denied*, 2018 U.S. LEXIS 3703, *1 (June 18, 2018) (reciting elements of Plaintiff's causes of action for alter ego and successor liability). Generally, Plaintiff's allegations are that Plaintiff obtained a default judgment of $8,385,168.84 against GoVideo, Defendants' subsidiary, and that Defendants are liable for the default judgment as alter egos and successors of GoVideo. Among other things,

6

Plaintiff contends that Defendants controlled GoVideo and took all of the assets of GoVideo that could have been used to pay the default judgment to Plaintiff.

Nothing about Plaintiff's causes of action for alter ego and successor liability requires information that needs to be obtained from Plaintiff's trial counsel. As for the underlying debt of GoVideo, the Ninth Circuit noted that, in this case, "the only evidence required to establish the existence of the debt would be the default judgment." *Daewoo*, 875 F.3d at 1251, 2017 U.S. App. LEXIS 23909, *17, 2017 WL 5662383. As for the remaining elements of alter ego and successor liability, the focus is on the relationship between the parties and GoVideo. *Id.* There is nothing about Plaintiff's claims in this case that raise issues about Plaintiff's trial counsel, and Plaintiff's claims certainly do not implicate his thoughts, mental state, or intent. And, "where the proposed deponent has no first-hand knowledge of any issue in the case, no deposition is justified." *Bey v. City of New York*, No. 99 Civ. 3873, 2007 U.S. Dist. LEXIS 47319, 2007 WL 1893723, at *5 (S.D.N.Y. June 28, 2007) (rejecting deposition of counsel where they lacked knowledge of relevant information).

Nor can Defendant rely on the affirmative defenses it has pled in its answer. The only operative affirmative defenses in Defendant's answer are for "unclean hands" and "laches." (Ex. 5 at ¶¶ 112 and 113). But Defendant's answer only contains a boilerplate recitation that it is asserting "unclean hands" and "laches"—it provides no explanation of the basis for those defenses. As a result, there is nothing in the pleadings that would indicate that information from Plaintiff's trial counsel is relevant to any party's claims or defenses.

Defendant's discovery responses to date also show that Defendant's subpoena is not needed. For example, in its initial disclosures, Defendant identified eight individuals that it alleges "are likely to have discoverable information that Opta may use to support its claims or

7

defenses"—but Defendant did not identify Plaintiff's trial counsel, Tai Cho  (Ex. 6, Defendant Opta's Initial Disclosures at 2:10-14).

In addition, Defendant failed to mention Plaintiff's trial counsel in any of its responses to Plaintiff's interrogatories—much less identify Plaintiff's trial counsel as involved in, having knowledge of, or possessing documents related to any issue in this case.  For example, Plaintiff served an interrogatory seeking information supporting Defendant's contentions that it "did not take all of the assets of GoVideo"—which is obviously one of the central issues in the case.  There is no reference, however, in any of Defendant's interrogatory responses to Mr. Cho or information that is uniquely in his possession.  In fact, Defendant identified only one person that it contends may have information supporting Defendant's contentions—an employee of Defendant named Tom Gong.

In sum, Defendant has failed to show—despite ample opportunity—that Plaintiff's trial counsel has any information relevant to the parties' claims and defenses in this case or that he is the only source of that information.  And as a result, Defendant's subpoenas should be quashed.

    **C.**    **Plaintiff's Trial Counsel Played No Role in Connection with the Information about which Defendant Seeks Discovery**

The second factor under the standard set forth in *Friedman* is "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation."  *ResQNet.com*, 2004 U.S. Dist. LEXIS 13579, *15-16 (S.D.N.Y. July 21, 2004) *citing Friedman*, 350 F.3d at 72.

As noted above, it is unclear what information Defendant seeks with its subpoena for deposition testimony from Plaintiff's trial counsel.  If it is information about the present case, however, Mr. Cho's only role has been as Plaintiff's trial counsel.  The same is true for the guaranty action.  With respect to the original action against GoVideo, the only relevant issue

from that case is the fact that the New Jersey court entered an $8,385,168.84 default judgment against GoVideo. But Mr. Cho's testimony is not needed on that issue because, as the Ninth Circuit pointed out, "the only evidence required to establish the existence of the debt would be the default judgment." *Daewoo*, 875 F.3d at 1251, 2017 U.S. App. LEXIS 23909, *17, 2017 WL 5662383.

Based on the topics in Defendant's document subpoena, it appears that the focus of Defendant's subpoenas is largely on information about Plaintiff's contentions this case. But to the extent Defendant wants information about Plaintiff's contentions, contention interrogatories are the proper course—not a subpoena to trial counsel. *Cnty. of Niagara v. Neth. Ins. Co.*, 2017 U.S. Dist. LEXIS 73672, *23, 2017 WL 2059808 (quashing subpoena to attorney where "Defendants fail to explain why the information sought could not be provided in response to a contention interrogatory.").

Here, more than half of Defendant's document requests (19 of 35) seek information that "supports, refutes, or otherwise relates to" specific contentions in Plaintiff's complaint. (Ex. 2 (Doc. Req. 8 ("Count III of Second Amended Complaint"), 9 ("Count IV of Second Amended Complaint"), 10 ("paragraph 93 of the Second Amended Complaint), 11 ("paragraph 94 of the Second Amended Complaint"), 12 ("paragraph 95 of the Second Amended Complaint"), 13 ("paragraph 96 of the Second Amended Complaint"); 14 ("paragraph 97 of the Second Amended Complaint"), 15 ("paragraph 98 of the Second Amended Complaint"), 16 ("paragraph 100 of the Second Amended Complaint"), 17 ("paragraph 101 of the Second Amended Complaint"), 18 ("paragraph 102 of the Second Amended Complaint"), 19 ("paragraph 103 of the Second Amended Complaint"), 20 ("paragraph 104 of the Second Amended Complaint"), 21 ("paragraph 50 of the Second Amended Complaint"), 22 ("paragraph 64 of the Second Amended
9

Complaint"), 23 ("paragraph 76, 83, 91 of the Second Amended Complaint"), 24 ("this lawsuit"), 25 (Plaintiff's "responses to any of Defendant's interrogatories"), 27 (Plaintiff's "claims in Counts III and IV of the Second Amended Complaint").

And for 14 of the remaining requests, they are plainly aimed information related to the Plaintiff, Defendants, or GoVideo—and not Mr. Cho.  (Ex. 2 (Doc. Req. 1 ("Daewoo or Daewoo Electronics Corp.'s ('DAC') efforts, if any, to collect on the judgment against GoVideo"), 2 ("Daewoo and DAC's court filings, document production, and other records" in other litigations) 3 ("transfer of assets from GoVideo to Opta or any of the other defendants named in this lawsuit this lawsuit"), 4 ("communications between Daewoo and DAC relating to bringing or prosecuting the instant lawsuit against Opta and the other named defendants"), 5 ("the corporate relationship between Daewoo and DAC"), 6 ("Daewoo and/or DAC becoming aware of the existence of the lawsuit filed by MPEG LA against Opta and GoVideo"), 7 ("Daewoo and/or DAC becoming aware of the dismissal and/or settlement of the lawsuit filed by MPEG LA against Opta and GoVideo"), 26 ("the prior litigations between Plaintiff, its predecessors such as Daewoo Electronics America, and T.C.L. Industries and Opta Corporation"), 29 ("the identity and make up of any board of directors and any officers of WiniaDaewoo and its predecessors"), 30 ("the corporate structure of WiniaDaewoo"), 32 ("any communication from Plaintiff (and its predecessors) to any Defendant"), 33 ("sales to GoVideo by Plaintiff"), 34 ("Plaintiff's license of trademarks appearing on the goods sold to GoVideo"), and 35 ("Plaintiff's destruction of any document relating to Defendants")).

In fact, only two of the 35 requests mention Mr. Cho by name.  Request No. 31 asks about "any financial interest any individual, including Tai Cho, or any entity may have in the outcome of this litigation and the New Jersey Litigation."  (Ex. 2).  But Defendant can point to

nothing that would show that a "financial interest" of Mr. Cho "in the outcome of this litigation" is relevant to any party's claim or defense. Defendant's Request No. 28 seeks "all deposition transcripts, affidavits, and declarations of Tai Cho from any prior proceeding involving the Plaintiff." But information about the testimony of Plaintiff's trial counsel in "any prior proceeding involving the Plaintiff"—regardless of whether any such "proceeding" had anything to do with the Defendants in this case—is irrelevant to the claims or defenses here. And to the extent Defendant believes Plaintiff's counsel testified in a case involving the Defendants here, it already has the relevant "transcripts, affidavits, and declarations."

### D. The Subpoenas Present the Risk of Encountering Privilege and Work-Product Issues

The topics in Defendant's document subpoena raise obvious issues with attorney-client privilege and work product. For example, Defendant seeks "all documents . . . relating to bringing or prosecuting the instant lawsuit." (Ex. 2 at 5:13-14). Defendant also seeks "all documents, communications, and things . . . that relate to prior litigations between Plaintiff and [Defendant]." (Ex. 2 at 15:19-23). Both of these topics plainly seek information about Plaintiff's trial counsel's strategy and mental impressions related to this case as well as his communications with his client and co-counsel. *Laurin v. Pokoik*, 2004 U.S. Dist. LEXIS 15330, *3-4 (S.D.N.Y. 2004) (refusing to compel deposition of trial counsel because "the risk is great that the questions would invade Mr. Drogin's strategy and mental impressions, which are at the core of the work-product doctrine.").

But fundamentally Defendant's subpoenas are aimed squarely at attorney work-product information. "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975); see also *Hickman v.*

*Taylor*, 329 U.S. 495, 516, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.") Here, Defendant appears to seek information from Plaintiff's trial counsel about why the claims in this case were not brought in earlier litigation between the parties. But to question an attorney about why litigation was or was not brought seeks information that is quintessentially within the scope of the protections of the work-product doctrine. *Cnty. of Niagara*, 2017 U.S. Dist. LEXIS 73672, *17, 2017 WL 2059808 (W.D.N.Y. 2017) (seeking to depose opposing counsel regarding "his legal impression or understanding of the legal significance" of facts underlying the case "is to seek information quintessentially within the scope of protection afforded by Rule 26(b)(3)(A) to an attorney's impressions, conclusions, opinions or theories.").

Put another way, to the extent Defendant claims that its subpoenas seek information related to Plaintiff's litigations counsel's impressions, conclusions, opinions, or theories about this or previous litigation, they should be quashed.

### E. The Subpoenas are Duplicative of Discovery Already Conducted

Each of the requests in Defendant's document subpoena covers the same topic as a document request that Defendant has made directly to Plaintiff. And Plaintiff does not understand Defendant to contend that Plaintiff's trial counsel has in his possession documents that were not produced simply because they were in his possession. Indeed, Plaintiff is not aware of any document that could be obtained from Plaintiff's trial counsel and not from Plaintiff itself. As for the deposition subpoena, Plaintiff is producing a Fed. R. Civ. P. 30(b)(6) witness that Plaintiff understands will cover the same material Defendant seeks from Plaintiff's trial counsel. Thus, because Defendant has had—and will continue to have—more than ample opportunity to obtain the information it seeks directly from Plaintiff, both subpoenas should be

12

quashed. *Gropper*, 2014 U.S. Dist. LEXIS 29799, *6-7 ("there has been ample discovery concerning the physical attributes of the Blue Water Grill, both in this lawsuit and in a parallel investigation by the United States Department of Justice. No legitimate purpose would be served by obtaining duplicative information from Mr. Parker [trial counsel]. The deposition subpoena is therefore quashed.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's subpoenas to Plaintiff's litigation counsel Tai Cho be quashed. Alternatively, Plaintiff requests that this motion be transferred to the forum court in the Northern District of California.

Dated:  June 28, 2018                                Respectfully submitted,

*/s/ Perry R. Clark*
Perry R. Clark
Email: perry@perryclarklaw.com
Law Offices of Perry R. Clark
825 San Antonio Road
Palo Alto, CA 94303
Tel.: 650-248-5817

Tai Cho
445 5th Ave. Suite 9E
New York, NY 10016
Tel:  (212) 779-7770
Fax:  (212) 779-7862
taicho7@aol.com

Attorneys for Plaintiff
WINIADAEWOO ELECTRONICS AMERICA, INC.

## CERTIFICATE OF SERVICE

I, Perry Clark, certify that on June 28, 2018, I caused a true and correct copy of the foregoing document to be served by email according to the parties' agreement on:

Lei Mei
mei@meimark.com
P. Andrew Riley
ariley@meimark.com
Jiwei Zhang
jzhang@meimark.com
MEI & MARK LLP
818 18th Street NW
Suite 410
Washington, DC 20006-3506
Telephone: 888-860-5678

Facsimile: 888-706-1173

Dated: June 28, 2018        By:        /S/ *Perry Clark*